# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES BULLARD, JR., | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 19-5969 |
| ANDREW SAUL, | : | |
| Defendant. | : | |

### MEMORANDUM OPINION

**Timothy R. Rice**                                                                                                                           **May 21, 2020**
**U.S. Magistrate Judge**

      Plaintiff James Bullard alleges the Administrative Law Judge ("ALJ") who found he was not disabled erred by failing to support her determination with substantial evidence and unconstitutionally undertaking a second review of his case. Pl. Br. (doc. 11) at 3. The Commissioner concedes that the ALJ opinion is not supported by substantial evidence, and moves for remand. Resp. (doc. 12) at 1. Bullard contests remand, however, and argues for awarding benefits instead. Reply (doc. 13) at 1.

      Bullard first applied for Supplemental Security Income (SSI) in 2010, following a long-standing injury to his left hand, emergency treatment for several gunshot wounds, and multiple psychiatric diagnoses. Bullard v. Colvin, No. 15-2021, 08/22/16 Report and Recommendation (doc. 20) at 2-5. His claim was denied on the basis that his impairments were not severe, and his appeal to this court was remanded back to another ALJ for further development of the medical record. Id., 09/08/16 Order (doc. 22) (adopting Report and Recommendation). A new ALJ found he was not disabled based in part on vocational expert (VE) testimony. Bullard v. Berryhill, No. 18-1313, 09/21/18 Report and Recommendation (doc. 14) at 5. His second successful appeal to federal court was remanded back to reconcile the inconsistency between VE

testimony that Bullard could perform several jobs requiring the ability to carry out detailed instructions and the Residual Functional Capacity (RFC) assessment, which limited him to "simple, routine work."  Id., 10/09/18 Order (doc. 16) (adopting Report and Recommendation). After this second remand, Bullard's case was sent to the same ALJ who had heard his prior remand, and Bullard objected to the constitutionality of the ALJ's appointment, citing Lucia v. S.E.C., 138 S. Ct. 2044 (2018).  R. at 2872.  His request for assignment to another ALJ was denied.  Id. at 2651.

When the second ALJ heard Bullard's case after the first remand, her appointment was constitutionally invalid.  Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152 (3d Cir. 2020).  After it was remanded in 2018, the Commissioner should have appointed a different ALJ.  Id. at 160; S.S.R. 19-1p, 2019 WL 1324866, at *3 (March 15, 2019).  Thus, even though Bullard's third administrative hearing took place after the ALJ was constitutionally appointed, her consideration of Bullard's claim in 2019 was improper.  Cirko, 948 F.3d at 160.

Statutory authority limits courts to "affirming, modifying, or reversing" ALJ opinions, with or without remand.  42 U.S.C. § 405(g).  We cannot, however, make our own findings of fact.  Smith v. Berryhill, 139 S. Ct. 1765, 1780 (2019) ("a court should restrict its review to the procedural ground that was the basis for the Appeals Council dismissal and (if necessary) allow the agency to address any residual substantive questions in the first instance."); Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations."); Grant v. Shalala, 989 F.2d 1332, 1338 (3d Cir. 1993) ("the district courts have no fact-finding role in Social Security cases") (citing Hummel v. Heckler, 736 F.2d 91, 93 (3d Cir. 1984)).

Courts can award benefits to claimants who are clearly entitled to them "only when the administrative record of the case has been developed fully and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." Bordes v. Comm'r of Soc. Sec., 235 F. App'x 853, 861 (3d Cir. 2007) (citing Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 545 (3d Cir. 2003)).  Recently, courts have included an additional requirement before awarding benefits: excessive delay not attributable to the claimant.  Diaz v. Berryhill, 388 F. Supp. 3d 382, 391 (M.D. Pa. 2019).

There can be no doubt that Bullard's claim has been excessively delayed.  Id. ("courts have found that administrative delays of five years or more in cases involving one or two prior remands have constituted excessive delays triggering consideration of an award of benefits in lieu of a remand") (citing cases).  Nonetheless, given the statutory limitations on courts reviewing administrative actions, factual determinations must be made by the administrative body.  Smith, 139 S. Ct. at 1780.  Cases determined by unconstitutionally appointed ALJs are remanded because they are a legal nullity; the ALJs lacked legal authority to decide them in the first place.  Cirko, 948 F.3d at 152.  That nullification extends to all of the factual and legal determinations in the record, not just to those with which the claimant disagrees.

Bullard's original hearing did not include substantial evidence to support a finding of disability, but the case was remanded so the record could be expanded.  Bullard v. Colvin, No. 15-2021, 08/22/16 Report and Recommendation at 11.  To award Bullard benefits on the basis of one of his other determinations while finding in his favor on the Lucia claim, I would have to find some of the determinations made by an unconstitutionally appointed ALJ invalid, but rely on others to support his award.  Bordes, 235 F. App'x at 861.

I cannot simply render a full administrative determination myself.  42 U.S.C. § 404(g); Smith, 139 S. Ct. at 1765.  Because the second ALJ's decisions are legal nullities, there is nothing to "affirm[], modify[] or revers[e]," and the case must be remanded before its merits can be assessed.  Bullard argues that remand is unnecessary because he will be "closely approaching advanced age" by the time his case is reviewed and a finding of disability will be required by the grid rules.  Pl. Br. at 10-11; Reply at 3.  That determination, however, depends on an administrative finding that Bullard is limited to sedentary work.  20 C.F.R. Part 404, Subpart P, App'x 2, Rule 201.12.  I cannot rely on the ALJ's RFC to find Bullard limited to sedentary work once I have found her entire opinion null and void, and I cannot adopt an RFC on my own.[1]  Smith, 139 S. Ct. at 1765; Chandler, 667 F.3d at 359; Grant, 989 F.2d at 1338; Hummel, 736 F.2d at 93.

Bullard was not required to challenge the legal authority of the ALJ; he could have challenged only the merits of her opinion.  Once he has made a constitutional challenge, however, he cannot at the same time contend that, if and only if I agree with him on the merits of his claim, he is willing to overlook the unconstitutionality of her appointment.  Because the constitutionality of ALJ appointments affects the validity of the underlying proceeding, it is a threshold issue that must be addressed before a claimant's other arguments.  McWilliams v. Berryhill, No. 18-5180, 2019 WL 2615750, at *2 (E.D. Pa. June 25, 2019).

An appropriate Order accompanies this Opinion.

---

[1] Other cases awarding benefits addressed insufficiencies in ALJ opinions that did not invalidate the underlying proceedings.  Because of the shifting burden of proof, these cases annulled only the analysis supporting the Commissioner's denial of benefits while leaving intact substantial evidence that claimants had met their initial burden of proving disability.  See, e.g., Brownawell v. Comm'r of Soc. Sec., 554 F.3d 352, 355 (3d Cir. 2008); Podedworny v. Harris, 745 F.2d 210, 221-22 (3d Cir. 1984); Diaz, 388 F. Supp. 3d at 397.